UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAM POTTER and JOHN PELUSI,

    Plaintiffs,

vs.            Case No. 2:09-cv-006-FtM-29DNF

REGIONS BANK, an Alabama Corporation,

    Defendant.
_____

**OPINION AND ORDER**

  This matter comes before the Court on Defendant Region Bank's Motion to Strike Certain Statements in Counts I and II of Plaintiffs' Amended Complaint and Incorporated Memorandum of Law in Support (Doc. #24) filed on March 19, 2009. Plaintiffs' filed a Response (Doc. #28) on April 2, 2009. Also before the Court is Defendant's Motion to Dismiss Counts III, IV and V of Plaintiffs' Amended Complaint and Additional and Alternative Motion for More Definite Statement (Doc. #26), filed on March 19, 2009. Plaintiff filed a Response (Doc. #29) on April 2, 2009.

**A. Motion to Strike:**

  Defendant seeks to strike statements in paragraphs 6, 9, 12, 14, 20-26, as well as a portion of the prayer for relief of plaintiffs' Amended Complaint (Doc. #21). Defendant asserts that the statements and contentions in question pertain to dropped or abandoned claims, recount irrelevant matters set forth in

publications, or ask for relief that is unavailable as a matter of law. (Doc. #24, pp. 5-7.)

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. The court enjoys broad discretion in determining whether to grant or deny motions to strike. Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). However, motions to strike are generally disfavored by the court. See Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991).

Under this standard, the Court finds that the following paragraphs of the Amended Complaint should be stricken: the portion of Paragraph 6 stating "invasion of privacy, constitutional right of privacy, bailment and conversion;" and paragraphs 20-26. The motion is otherwise denied as to the other paragraphs. Since the matter will be dismissed, the issue of appropriate relief can be addressed after a second amended complaint is filed.

**B. Motion to Dismiss:**

The Court will short circuit Defendant's pending Motion to Dismiss because it is clear that the Amended Complaint is a type of shotgun complaint often condemned by the Eleventh Circuit. Plaintiffs have improperly incorporated all allegations of each count into every successive count. Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); Cramer v. Florida, 117 F.3d 1258, 1263

(11th Cir. 1997). Therefore, the Amended Complaint will be dismissed with leave to file a second amended complaint.

Accordingly, it is now **ORDERED:**

1. Defendant Region Bank's Motion to Strike Certain Statements in Counts I and II of Plaintiffs' Amended Complaint and Incorporated Memorandum of Law in Support (Doc. #24) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

2. The Amended Complaint (Doc. #21) is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading. Plaintiffs may file a second amended complaint within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order.

3. Defendant Regions Bank's Motion to Dismiss Counts III, IV and V of Plaintiffs' Amended Complaint and Additional and Alternative Motion for More Definite Statement (Doc. #26) is **DENIED** as moot in light of the Court's dismissal of the Amended Complaint as a shotgun pleading.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of December, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record